STATE OF NORTH CAROLINA v. JOHN BOYD

No. COA03-37

(Filed 6 January 2004)

**1. Appeal and Error— failure to dismiss criminal charge—no motion at trial**

Defendant's contention that a charge of conspiracy to sell a controlled substance should have been dismissed was not reviewed on appeal because he did not move to dismiss at trial, although he did move to dismiss other charges.

**2. Sentencing— aggravating factors—acquittals of related offenses—facts proven**

The trial court properly considered the aggravating factor of involving a person under 16 when sentencing defendant for conspiracy to sell a controlled substance even though defendant was acquitted of contributing to the delinquency of a minor and of using a minor to commit a controlled substance offense. The court may consider any aggravating factors reasonably related to the purposes of sentencing which it finds proven by a preponderance of the evidence. The minor's age in this case was stipulated and it cannot be inferred from the acquittals that the jury found insufficient evidence to conclude that the co-conspirator was a minor.

Appeal by Defendant from judgment entered 13 August 2002 by Judge J. Gentry Caudill in Superior Court, Mecklenburg County. Heard in the Court of Appeals 28 October 2003.

*Assistant Attorney General Martin T. McCracken, for the State*

*Robert W. Ewing, for the Defendant*

WYNN, Judge.

From his conviction for Conspiracy to Sell a Controlled Substance, Defendant, John Boyd, argues on appeal that the trial court erred by failing to grant his motion to dismiss, and considering as an aggravating sentencing factor that he involved a person under 16 years of age in the commission of a crime. We find no error in Defendant's trial.

At trial, the State's evidence tended to show that on 25 October 2001, while conducting undercover drug buys, Charlotte Police Officers Eric Duft and Susan O'Donohue stopped two juveniles in the Colony Acres Drive neighborhood and asked for some "hard" or "rock"—slang terms for the drug crack cocaine. In response, Quintine Hampton, one of the youths, pointed across the street and yelled for "J.B." to come over to the car. Responding to Hampton, Defendant approached the officers' car. Officer Duft reiterated his desire to find some "hard," but before discussing the drug request, Defendant asked the officers whether they were police. Officer Duft denied being a police officer and assured Defendant he "just wanted to get hooked up." Apparently satisfied, Defendant told Officer Duft to pull his car over and wait while he went down the street to get "it."

The officers then observed Hampton and Defendant cross Colony Acres Drive before losing sight of them. After two or three minutes, Hampton returned alone and handed Officer Duft a clear plastic bag containing a rock of crack cocaine. Officer Duft paid Hampton with a marked twenty dollar bill. Thereafter, Defendant and Hampton were arrested separately.

After estimating that he had conducted approximately 200-300 similar undercover drug buy stings, Officer Duft testified that "it is common for more than one person to be involved in the [drug] transaction" and sometimes, "they will use a younger person to sell them [because] [t]here is less consequences for a juvenile than there is for an adult." The arresting officer testified that, when Defendant was apprehended, "He stated to me; and I, quote, 'I did not sell shit. All I did was get a piece of the rock.'" At the close of the State's evidence, defense counsel did not "care to be heard" on the conspiracy charge, but did move to dismiss all remaining charges; the motions were denied.

In his defense, Defendant denied the statement attributed to him by the arresting officer. Rather, Defendant testified that he was walk-

STATE v. BOYD

[162 N.C. App. 159 (2004)]

ing towards Hampton to warn him that Officers Duft and O'Donohue were police officers. When Defendant "couldn't catch [Hampton's ] bicycle" he turned around to go home. Defendant maintained "I don't have nothing to do with it."

Ultimately, the jury convicted Defendant of Conspiracy to Sell a Controlled Substance but acquitted him of the remaining charges of Sale of a Controlled Substance, Contributing to the Delinquency of a Minor[1], and Employing and Using a Minor to Commit a Controlled Substance Offense.[2] The trial judge found one aggravating factor (that Defendant involved a person under the age of 16 in the commission of the offense) outweighed mitigating factors (that Defendant had a support system in the community and was gainfully employed) and sentenced Defendant in the aggravated range of 18 to 22 months imprisonment. Defendant appealed.

**[1]** Defendant first argues the trial court erred by denying his motion to dismiss the charge of Conspiracy to Sell a Controlled Substance. For procedural reasons, we disagree.

N. C. R. App. P. 10(b)(3) provides that "a defendant in a criminal case may not assign as error the insufficiency of the evidence to prove the crime charged unless he moves to dismiss the action . . . ." The rules further provide that by presenting evidence after the close of the State's case, a defendant waives any previous motion to dismiss, and in order to preserve an insufficiency of the evidence argument for appeal, defendant must renew his motion to dismiss at the close of all evidence.

At the close of the State's case, the trial judge in the instant case asked defense counsel whether he cared to make "any motions for the defendant?" Defense counsel responded:

Yes, Your Honor. I think, taking the evidence in the light most favorable to the state, their strongest case seems to be for conspiracy. And so, I don't care to be heard on that . . . I'll ask you to dismiss the sale, at the close of evidence.

---

1. N.C.G.S. § 14.316.1: "to knowingly or willfully cause, encourage or aid any juvenile within the jurisdiction of the court to be in a place or condition, or to commit an act whereby the juvenile could be adjudicated delinquent, undisciplined, abused or neglected."

2. N.C.G.S. § 90-95.4: "to hire or intentionally use a minor to violate G.S. § 90-95(a)(1)."

At the close of all evidence, Defense counsel renewed prior motions to dismiss: "We would rest and renew our motions to dismiss; and, re-adopt our arguments, special as they relate to the sale, conspiracy, contributing to the delinquency of a minor; and, the engaging a minor in drug trafficking." By that statement, defense counsel renewed his argument that he "didn't care to be heard" on the conspiracy charge because "their strongest evidence seems to be for conspiracy." Defense counsel did not avail himself of his opportunity to move to dismiss the conspiracy charge at the close of the State's evidence, and thus, he could not renew a nonexistent motion at the close of all evidence. Accordingly, we are precluded from reviewing the merits of Defendant's argument. *See State v. Stocks*, 319 N.C. 437, 439, 355 S.E.2d 492, 492 (1987) (holding that "a defendant who fails to make a motion to dismiss at the close of all the evidence may not attack on appeal the sufficiency of the evidence at trial."). We note, however, that even if this issue had been properly preserved for appeal, the evidence in the record sustains the trial court's denial of Defendant's motion to dismiss this charge.

**[2]** Defendant next argues that because Hampton's age was an element of the crimes for which he was acquitted, Contributing to the Delinquency of a Minor and Employing and Using a Minor to Commit a Controlled Substance Offense, the trial court erred by considering the sentencing aggravating factor that he "involved a person under 16 in the commission of a crime." We disagree.

In North Carolina, a trial court may consider any aggravating factors it finds proved by the preponderance of the evidence that are reasonably related to the purposes of sentencing. N.C.G.S. § 15A-1340.4(a). N.C.G.S § 15A-1340.16(d)(13) allows a court to aggravate a defendant's sentence from the presumptive range when "defendant involve[s] a person under the age of 16 in the commission of the crime."

In *State v. Marley*, 321 N.C. 415, 424, 364 S.E.2d 133, 138 (1987), our Supreme Court stated that "once a defendant has been acquitted of a crime he has been set free or judicially discharged from an accusation; released from . . . a charge or suspicion of guilt." Therefore, our Supreme Court held "to allow the trial court to use at sentencing an essential element of a greater offense as an aggravating factor, when the presumption of innocence was not, at trial, overcome as to this element, is fundamentally inconsistent with the presumption of innocence itself." In *Marley*, the defendant had been tried for first degree murder upon the theory of premeditation and

deliberation. The jury found the defendant guilty of second degree murder. Thus, one can infer from the jury's verdict in *Marley* that the jury determined there was insufficient evidence of premeditation and deliberation.

In this case, it cannot be inferred from the jury's acquittal of Defendant on the contributing to the delinquency of a juvenile and employing and intentionally using a minor to commit a controlled substance offense charges that it found there was insufficient evidence to conclude beyond a reasonable doubt that Hampton was a minor. Indeed, the parties in this case stipulated Hampton was thirteen years old. Unlike Marley, where the difference between first degree murder and second degree murder was the jury "decided that there [was] not sufficient evidence to conclude beyond a reasonable doubt that defendant premeditated and deliberated the killing," *Marley*, 321 N.C. at 424, 364 S.E.2d at 138, in this case, we are unable to explain rationale behind the jury's verdict. Thus, by convicting Defendant of conspiracy to sell a controlled substance, the jury concluded that Johnny Boyd and Quintinie Hampton were conspirators. Therefore, we uphold the trial court's consideration as an aggravating sentencing factor that Defendant involved a person under the age of 16 in the commission of a crime.

No error.

Judges TIMMONS-GOODSON and ELMORE concur.